## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD E. SLATER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-073-MJR |
| | ) | |
| **MARVIN POWERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Richard Slater, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**FACTS ALLEGED:**

Slater was placed in Tamms Correctional Center December 7, 2005. Prior to this date, Slater had made it known at his previous institution that he is a diabetic, and thus required special medical shoes and an altered diet. Once he entered Tamms, Slater was given a medical checkup, and was told that he no longer needed the medical shoes or certain portions of his altered diet. Specifically, Slater had been given a snack tray in the evening to take along with his diabetes medicine, to control his low blood sugar. After the medical examine by Defendant Powers, Slater was told that his blood sugar level was at a "good" level, and he would no longer require the evening snack.

Slater began filing a long line of grievances in May 2006, complaining that the evening snack tray was still necessary, and that since his medical shoes had been taken from him, he had been experiencing severe knee pain. These grievances were sent to Defendants Caliper, Jones, Moore and Walker, and each grievance was denied because the health issues raised were being monitored.

Slater's grievances continued to state that he had further health problems as a result of his diabetic condition being ignored, including chest pains and kidney problems, as well as further damage to his knee. Powers and Caliper denied that these conditions were ignored, and stated that Slater is scheduled to attend a diabetic clinic at the prison every four months, where any problems are examined.

Because the medical issues he has raised were ignored repeatedly, Slater claims that Powers, Caliper, Sullivan, Walker, Johnson, Jones, and Moore showed deliberate indifference to his medical needs by denying or condoning the denial of necessary medical treatment. Slater also claims that Moore, Powers, and Caliper conspired together to cover up the indifference by ensuring that all

grievances filed were denied.

**DISCUSSION:**

Slater has named as co-defendants Carol George, Camille Malone, and Lakeshi Baker. However, Slater has failed to state in his complaint how these individuals are associated with the claims presented. In fact, Slater has failed to include the individuals anywhere in the complaint except for the list of defendants. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Thus, George, Malone, and Lakeshi will be dismissed from this action.

### COUNT 1: Medical Indifference

Slater claims that Powers, Caliper, Sullivan, Walker, Johnson, Jones, and Moore each acted with deliberate indifference to his medical needs. Powers examined Slater, yet refused to issue him the necessary medical shoes or evening snack tray. Caliper, Jones, and Moore each examined the grievances filed by Slater, and refused to act on the issues presented therein. Sullivan, Walker, and Johnson were made aware of the denial of the grievances, and failed to act to correct the situation. Slater claims that each of these actions by the Defendants amounts to cruel and unusual punishment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

3

> *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

As to Powers, the examining physician, it is clear that Powers was made aware of Slater's diabetic condition, and that he was aware of the dangers of such a condition. After multiple examinations, Powers found that Slater was not in any immediate danger from the diabetes, and ordered that special treatment for the disease in the form of special shoes and an evening snack tray be discontinued. Whether Powers acted in a way that any other doctor would have, or whether Powers is aware that his actions present a significant risk of harm to Slater, must be determined. For this reason, this count against Powers cannot be dismissed at this time.

However, for Caliper, Jones and Moore, denial of Slater's grievances does not amount to a constitutional violation, because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Caliper,

Jones and Moore will be dismissed from this count.

As to Sullivan, Walker and Johnson, Slater states that these defendants were made aware of the health issues, but failed to act to correct the problem. Slater claims that as the dietary manager, Sullivan was aware that his evening snack tray was being denied due to Powers's orders based on the grievances Slater had filed. Slater further claims that both Walker and Johnson, the director of the Department of Corrections and the warden respectfully, were aware of Powers's orders via the grievances, and did nothing to override those orders. However, for Sullivan, Walker and Johnson to be liable in this case, they "must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

The Seventh Circuit has stated that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and

> then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3${}^d$ Cir. 1993).

*Burks*, 555 F.3d at 595. Slater states that these defendants were aware of the denial of his grievances, but that Sullivan, Walker nor Johnson personally acted to have the grievances denied. Because they were not personally responsible for the actions, this claim against them will be dismissed.

### **COUNT 2:** **Conspiracy**

Slater next claims that Moore conspired to cover up the deliberate indifference of Powers and Caliper by intentionally denying the grievances. However, conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7${}^{th}$ Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7${}^{th}$ Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7${}^{th}$ Cir. 1996). As stated above, there is no allegation that Moore denied the grievances to hinder Slater's medical treatment, but instead made his decision based on the medical evidence. Movover, as stated above, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Thus, Slater has failed to state a claim against Moore, and this count will be dismissed.

### **MOTION:**

Slater also requests that the Court appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4${}^{th}$ Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8${}^{th}$ Cir. 1971). When presented with a request to appoint counsel, the Court

must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Slater has attempted to obtain counsel or been effectively precluded from doing so. Therefore, his motion for appointment of counsel is **DENIED**.

**DISPOSITION:**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** from this action with prejudice. Further, Defendants **BAKER, GEORGE, MALONE, CALIPER, SULLIVAN, WALKER, JOHNSON, JONES,** and **MOORE** are **DISMISSED** with prejudice from this action. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

As to **COUNT 1** of this action against **POWERS**, the Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **POWERS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **POWERS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 3rd day of August, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**